# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0390V

| | |
|---|---|
| ROGER CONLEY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 26, 2024 |

*David John Carney, Green & Schafle, LLC, Philadelphia, PA, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 8, 2021, Roger Conley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza ("flu") vaccine administered on October 18, 2019. Amended Petition at 1. On July 24, 2024, I issued a ruling finding Petitioner entitled to compensation and decision awarding damages following briefing by the parties. ECF No. 44.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $56,697.31 (representing $52,308.00 in fees and $4,389.31 in costs). Petitioner's First Application for Attorneys' Fees and Costs, filed July 29, 2024, ECF No. 48. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. *Id.* at 73.

Respondent reacted to the motion on August 12, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 49. Petitioner has filed no reply.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted.

However, a few of the tasks performed by Mr. Carney are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $952.40.**[4]

Regarding the time billed, I note this case required additional briefing regarding entitlement and damages. *See* Petitioner's Motion for Ruling on the Record and Brief in Support of Damages, filed July 15, 2023, ECF No. 40; Petitioner's Reply Brief in Support of Petitioner's Motion for Ruling on the Record and Brief in Support of Damages, filed Sept. 5, 2023, ECF No. 42. Petitioner's counsel expended approximately 16.2 hours drafting the entitlement and damages brief and 12.8 hours drafting the reply brief, for a combined total of 29.0 hours. ECF No. 48 at 26-29. Although on the higher end of time expended preparing entitlement and damages brief in a case involving a SIRVA injury,[5] I

---

[3] These entries, drafting basic documents such as an exhibit list, PAR Questionnaire, cover sheet, and statement of completion, are dated as follows: 5/19/21 (three entries), 9/29/21, 12/6/21, 1/21/22 (two entries), 7/5/22, 5/5/23, 7/5/23, 7/15/23. ECF No. 48 at 17, 19-20, 22, 25-26, 28.

[4] This amount consists of ($375 - $172) x 2.4 hrs. + ($400 - $177) x 0.8 hrs. ($425 - $186) x 1.2 hrs. = $952.40.

[5] The following fee decisions can be found on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 6, 2024): *See,* e.g., *Schwalm v. Sec'y of Health & Hum. Servs.*, No. 21-0066V (Dec. 2, 2024) (12.2 and 6.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Stanton v. Sec'y of Health & Hum. Servs.*, No. 21-0360V (Nov. 25, 2024) (15.9 and 4.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Hirsch v. Sec'y of Health & Hum. Servs.*, No. 20-1110V (Nov. 25, 2024) (16.0 and 4.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Templin v. Sec'y of Health & Hum. Servs.*, No. 21-1446V (Nov. 25, 2024) (12.0 and 0.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Kleinschmidt v. Sec'y of Health & Hum. Servs.*, No. 20-0680V (Apr. 9, 2024) (13.9 and 4.8 hours billed for

find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

## ATTORNEY COSTS

Petitioner requests $4,389.31 in overall costs and has provided receipts for all but expenses. ECF No. 48 at 33-71. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$55,744.91 (representing $51,355.60 in fees and $4,389.31 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, David J. Carney.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Amor v. Sec'y of Health & Hum. Servs.*, No. 20-0978V (Apr. 10, 2024) (11.9 and 2.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *McGraw v. Sec'y of Health & Hum. Servs.*, No. 21-0072V (Apr. 1, 2024) (17.4 and 9.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Wilson-Blount v. Sec'y of Health & Hum. Servs.*, No. 21-1400V (Oct. 25, 2023) (14.2 and 7.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Bidlack v. Sec'y of Health & Hum. Servs.*, No. 20-0093V (Oct. 25, 2023) (9.4 and 6.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 19-1543V (Aug. 17, 2023) (17.8 and 9.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting an entitlement and damages brief – although some time was doubtlessly saved by my March 9, 2020 factual ruling finding an appropriate pain onset); *C.H. v. Sec'y of Health & Hum. Servs.*, No. 20-0249V (May 16, 2023) (12.9 and 6.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively).

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.